In The









In The

 

Court of Appeals

 

Ninth District of
Texas at Beaumont

 

____________________

 

NO. 09-04-182
CR

____________________

 

LARRY
SHANE LAHMAN,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 

 



On Appeal from the 217th District Court

Angelina County, Texas

Trial Cause No. 23,874

 

 

 



MEMORANDUM
OPINION

          A
jury found Larry Shane Lahman guilty of felony theft and sentenced him to two
years in a state jail facility.  Lahman
brings three issues.  In the first two,
he attacks the legal and factual sufficiency of the evidence, and in the third,
he maintains the State’s rebuttal argument improperly attacked defense counsel
and prejudiced Lahman’s right to a fair trial.

            Early
one morning, between 12:00 and 2:00 a.m., Lahman entered Love’s Country
Store.  Employees Cynthia Moore and
Melba Franks were in the store’s office and observed Lahman walk into the store
dressed in shorts and a sleeveless tee shirt; he also was carrying a pair of
blue jeans over his right shoulder. 
Moore watched Lahman walk in front of the office and down the last aisle
of the store toward the restrooms.  On his
way to the restrooms, Moore saw Lahman bend over toward the shelves where trucking
supplies were located; Lahman then continued to the restroom. 

            Moore
called the police; she had been asked by the police to call if  Lahman entered the store again because he
was suspected of shoplifting.  When
Lahman came out of the restroom, he was wearing the blue jeans.  He purchased a package of cigarettes at the
counter and left. 

             In the process of leaving the store’s parking
lot on a bicycle, Lahman was stopped by police and questioned.  Lahman denied taking anything from the store
without paying for it.  Officer Bradley
conducted a “pat-down” of Lahman and found a “tire checker”[1] under the left side of his pants tied to the shorts
he was wearing under his jeans.   Lahman
told the officers he had the tire checker attached to his shorts to defend
himself from dogs while he rode his bicycle.

            Officer
Scott spoke with the store employees and viewed the store’s video of the
incident.  According to Scott, the video
showed that Lahman walked down the aisle where the tire checkers were located
on the bottom shelf but did not show him taking any thing. Neither of the store
employees saw Lahman take the tire checker. 
While Franks saw Lahman bend down and reach out, she did not see him
pick anything up.  Franks also testified
Lahman did not have the checker attached to his shorts when he first entered
the store and she thought concealing it would have been difficult. 

            A
UPC sticker (showing a merchandise price of $19.99) was still attached to the
tire checker when police found it on Lahman. 
However, the State’s witnesses conceded that removing such a sticker
could be difficult and that some customers simply leave the sticker on the tire
checker.  The brand of tire checker sold
at Love’s is a common one and can be purchased at locations other than
Love’s.  The officers did not take
custody of the video tape (which was not offered into evidence); they returned
the tire checker to the store clerks and took no photographs of it.  Lahman did not have permission to take the
tire checker from the store. 

            When
the officers returned to the station, they learned that Lahman had two prior
convictions; thus, he was charged with a state jail felony instead of a
misdemeanor.[2] 

            In
issue two, Lahman  attacks the legal
sufficiency of the evidence.  In reviewing
legal sufficiency, we review the evidence 
in the light most favorable to the verdict and consider whether any
rational trier of fact could find the essential elements of the crime beyond a
reasonable doubt.  Rayford v. State, 125
S.W.3d 521, 526 (Tex. Crim. App. 2003), petition for cert. filed, ___
U.S.L.W. ___ (U.S. Apr. 26, 2004) (No. 03-10038) (citing Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).  This standard is the same for both direct
and circumstantial evidence cases.  Burden
v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001).    

            Though
the evidence here is primarily circumstantial,[3]
it is legally sufficient.  The police
found a tire checker tied to Lahman’s shorts over which he was wearing
jeans.  The checker looked new, was the
same brand as that carried by the store, and still had the UPC code
attached.  Franks says Lahman did not
have the checker tied to his shorts when he entered the store.  Both employees  saw him bend over as he walked down the aisle where the checkers
were located; Franks saw him reach out with his hand.  Considering the evidence in the light most favorable to the
verdict, a rational trier of fact could have determined Lahman took a checker
from the store, without consent and intended to keep it.  Issue two is overruled. 

            In
his first issue, Lahman contests the factual sufficiency of the evidence.  In reviewing factual sufficiency, we examine
all of the evidence neutrally to determine whether it is so weak as to make the
verdict clearly wrong and manifestly unjust or whether the adverse finding is
against the great weight and preponderance of the available evidence.   Sims v. State, 99 S.W.3d 600, 601
(Tex. Crim. App. 2003).  The jury is entitled
to resolve any conflicts in the evidence, to evaluate the credibility of
witnesses, and to determine the weight of particular evidence.  See Jones v. State, 944 S.W.2d 642,
647 (Tex. Crim. App. 1996).

            The
evidence shows that no one saw Lahman actually take a tire checker from the
store.  No one testified that an
inventory count showed the store was missing a tire checker.  No one testified that the UPC code on the
tire checker Lahman had was the same as that used by Love’s.  The tire checker was a common brand that
could have been purchased elsewhere. 
And Lahman told police he used the tire checker for protection. 

            However,
Lahman had a tire checker tied to his shorts when the police searched him, one
that was not there when he entered the store according to Franks, and her
testimony is uncontradicted.  Further,
Lahman’s conduct is a factor the jury could have considered.  He walked in the store in shorts and with
jeans over his shoulder.  Both employees
observed him bend over as he walked down the aisle where the tire checkers were
located.  Franks saw him reach out with
his hand as he was bending.  Minutes
later Lahman emerged from the restroom dressed in jeans, which hid the tire
checker.   While the evidence is
circumstantial, we cannot say it is so weak as to make the verdict clearly
wrong or manifestly unjust or against the great weight and preponderance of the
available evidence.  Issue one is
overruled.

            Issue
three maintains the State’s rebuttal argument improperly attacked defense
counsel and prejudiced Lahman’s right to a fair trial.  The State argued as follows:

[Defense counsel] told you things that weren’t even
put into evidence through a witness’s testimony.  No one said Mr. Lahman left the thing out there on his bike.  I jumped out in a leap of faith to tell you
that I think that’s what he’s going to tell you.  I think that’s where he’s going to make a leap of faith and say
that’s probably what happened because at least that might help us fit our story
together.  There’s no evidence of that.  No one heard that.  No officer heard him say that. 


 

At best he told the officers, “Well, yeah, I used this
thing that I’m hiding under my jeans to beat off the dogs.”  He didn’t even say he used it for that
reason that night.  Those facts are not in
evidence.  That’s just [defense
counsel’s] telling you what might fit his story.  Don’t use that when you go back there to deliberate.  It’s not right.  It’s not proper, and it’s not what you’re instructed to do.  You consider only the evidence and only what
the officers told you.  There is no
evidence, not a shred of evidence . . . .

 








            Defense
counsel objected and the trial court overruled his objection.  Lahman maintains the prosecutor’s argument
cast doubt on defense counsel’s truthfulness. 
Lahman further contends when the trial court overruled the objection,
the jury may have thought the prosecutor’s argument was proper and defense
counsel was wrong in making the objection. 
Lahman argues the prosecuting attorney cast a “dark cloud over the head”
of defense counsel and as a result also cast a “dark cloud” over appellant,
prejudicing his ability to have a fair trial. 

            The
State counters that its rebuttal argument was only a response to opposing
counsel’s argument.  In regard to the
tire checker, Lahman’s attorney had argued, “It was on him when he got back
outside because he has it with his bike where he uses it to protect himself
from the dogs.”  The State is correct
that defense counsel’s argument could be construed as a deduction that Lahman
had the tire checker outside on his bicycle when he went into the store.  And, as the State asserts, there is no
testimony Lahman ever told anyone he had the tire checker on his bike when he
went into the store.  The State was
properly answering an argument made by opposing counsel.  See Smith v. State, 898 S.W.2d
838, 845 (Tex. Crim. App. 1995).  Issue
three is overruled. 

            We
overrule all three of appellant’s issues and affirm the trial court’s judgment.

            AFFIRMED.

                                                                  
________________________________

                                                                                    DON
BURGESS

                                                                                          
Justice

 

Submitted on August 19, 2004  

Opinion Delivered
August 25, 2004

Do not publish 

 

Before McKeithen,
C.J., Burgess, and Gaultney, JJ.











            [1] A “tire
checker” is used by truck drivers to check air pressure on their tires.





            [2]A person commits theft by unlawfully appropriating
property with intent to deprive the owner of property; appropriation of
property is unlawful if it occurs without the owner's effective consent.  See Act of May 29, 1993, 73rd Leg.,
R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3636 (current version at Tex. Pen. Code Ann. § 31.03(a),(b)
(Vernon Supp. 2004)).  The offense is a
state jail felony if the value of the property stolen is less than $ 1,500 and
the defendant has been previously convicted two or more times of any grade of
theft.  See Act of May 24, 1995,
74th Leg. R.S., ch. 734, 1995 Tex. Gen. Laws 3844 (current version at Tex. Pen. Code Ann. § 31.03(e)(4)(D)
(Vernon Supp. 2004)).





            [3]  As we have previously explained:

“Circumstantial
evidence” is direct proof of secondary facts which, by logical inference, demonstrates
the ultimate fact to be proven.  In the
law of evidence, an inference is a fact or proposition drawn from an admitted
or otherwise proven fact.  It is a
logical consequence flowing from a proven fact.  If circumstantial evidence provides no more than a suspicion, the
jury is not entitled to reach a speculative conclusion. 

 

Brewer v. State, 126 S.W.3d 295, 297 (Tex. App.--Beaumont 2004, pet.
ref’d)(citations omitted).